NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

DEC 12 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, Plaintiff - Appellee, v. SAMANTHA JO TACKITT, Defendant - Appellant. | No. 13-30354 D.C. No. 1:13-cr-00115-BLW MEMORANDUM* |

Appeal from the United States District Court
for the District of Idaho
B. Lynn Winmill, Chief Judge, Presiding

Submitted December 5, 2014**

Before:    HAWKINS, McKEOWN, and FRIEDLAND, Circuit Judges.

Samantha Jo Tackitt appeals from the district court's judgment and challenges

the 151-month sentence imposed following her guilty-plea conviction for

conspiracy to distribute methamphetamine, in violation of 21 U.S.C. §§ 841(a) and

846.   We have jurisdiction under 28 U.S.C. § 1291, and we vacate and remand for

---

\*        This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

\**        The panel unanimously concludes this case is suitable for decision without oral argument.   *See* Fed. R. App. P. 34(a)(2).

resentencing.

The government concedes that Assistant United States Attorney Christian Nafzger breached the parties' plea agreement by using Tackitt's immunized admissions about her criminal conduct at sentencing.[1]   The parties dispute what standard of review applies and whether Tackitt was prejudiced by the breach.   We conclude that remand is warranted even under plain error review because there is a reasonable probability that the court's choice of a high-end sentence was influenced by the immunized admissions.   *See United States v. Whitney*, 673 F.3d 965, 972-74 (9th Cir. 2012) (finding plain error where the government's use of immunized admissions was an implicit argument for a harsher sentence and, therefore, likely "influenced the court's overall view of the appropriate sentence").   Accordingly, we vacate and remand for resentencing.   *See id*. at 976.   We remand to a different judge as required by our circuit law "although in doing so we intend no criticism of the district judge . . . and none should be inferred."   *Id*. (internal quotations omitted).

**VACATED and REMANDED for resentencing.**

---

[1]   *See Berger v. United States*, 295 U.S. 78, 88 (1935).